Colin M. Thompson, Esq.
Thompson Law Office, LLC
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Plaintiff*

F I L E D
Clerk
District Court

JUN 2 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HOU YAN JUN, | ) CIVIL ACTION NO. 08-0025 |
| Plaintiff, | ) |
| v. | ) COMPLAINT |
| TAIWAN TRADING CO., LTD. | ) |
| Defendant. | ) |

**COMES NOW**, the Plaintiff, by and through their counsel, as their claims and causes of action, Defendant Taiwan Trading Co., Ltd., alleges and aver as follows:

**JURISDICTION AND VENUE**

1. This action is brought under the Fair Labor Standard Act, 29 U.S.C. §§ 201 *et seq.* (hereafter designated as "FLSA") made applicable to this action by the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V §502(a)(2). Specifically, jurisdiction is conferred upon this Court pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b)

1

2. The Court is further granted jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. §1331 (federal question jurisdiction), and as proceedings arising under an Act of Congress regulating commerce pursuant to 28 U.S.C. §1337(a).

3. The Court has jurisdiction over Plaintiffs' wage claims pursuant to 29 U.S.C. § 216(b).

4. The Court's jurisdiction over Plaintiffs' non-FLSA claims is granted pursuant to 28 U.S.C. § 1367(a)(supplemental jurisdiction).

5. The Court's authority to issue declaratory relief in this action is conferred by 28 U.S.C. §§ 2201-2202.

6. Venue is properly placed in the United States District Court for the Northern Mariana Islands in that all parties were present in and all acts alleged and complained of occurred in the Commonwealth of the Northern Mariana Islands ("CNMI").

**PARTIES AND CAPACITIES**

7. Plaintiff, Hou Yan Jun is a citizen of the Peoples Republic of China and, at all relevant times, resided in the CNMI and was employed by or suffered to work by defendant pursuant to written contract for a fixed period of employment of one (1) year each as duly approved by the CNMI Department of Labor ("DOL") pursuant to the Non-resident Workers Act ("NWA"), 3 N.Mar.I. Code § 4411 *et seq.*

8. At all relevant times, Defendant is a Corporation incorporated pursuant to the laws of the CNMI with its principal of place of business in Saipan and has continuously been doing business in Saipan.

9. At all relevant times, Defendant has continuously been an employer engaged in an industry effecting commerce within the meaning of §§701(b), (g) and (h) of Title VII, 42 U.S. C. & 2000e(b), (g) and (h).

10. Plaintiff is ignorant of the true, complete, and precise names and capacities of defendants sued herein as DOES I through V, and therefore sues these defendant by such fictitious names. Plaintiffs will ask for leave of court to amend this complaint to allege the true names and capacities of these defendants when ascertained.

11. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendant, each acting as a successor, agent, joint, employer, integrated enterprise, employee and/or under the direction and control of the other Defendant, except as otherwise specifically alleged. Said acts and failure to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendant complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendants acting individually, jointly, and/or severally.

12. It is further alleged on information and belief that the unnamed Defendants in the complaint are alter egos, joint employers, and/or integrated enterprises of Defendant Taiwan Trading Co., Ltd.

## FACTUAL BACKGROUND

13. On or about the year 2007, Plaintiff, Hou Yan Jun signed an employment contract with the Defendant for $3.05 per hour up and $3.55 per hour for a one year period.

14. Plaintiff renewed her contract for each consecutive year after 2007 and continues to be employed by Defendant at the time of filing this Complaint.

15. Defendant failed and refused to pay the compensation indicated in the employment contract in breach of contract.

16. Defendant further failed to pay Plaintiff for the overtime hours she worked in excess of 40 hours a week.

17. Defendant is thus liable to Plaintiff in an amount equal to her losses compensation plus prejudgment interest, and an additional amount as liquidated damages under the NWA.

18. Defendant's conduct and acts were done intentionally, maliciously, and oppressively and in conscious disregard of Plaintiff's rights and constituted a willful breach of the implied covenants of good faith and fair dealing of the contract, thus entitling, Plaintiff to an award of special compensatory, consequential, and exemplary damages in an amount to be proven at the trial and an equitable award attorney's fees.

## FLSA VIOLATION - UNPAID OVERTIME COMPENSATION

19. Plaintiff incorporates herein by reference paragraph 1-18 as alleged as if set forth here in full.

20. Defendant violated the provisions of § 207(a) of the FLSA by failing to pay Plaintiff's overtime compensation in the amount of one and one-half times their regular pay rate for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

21. Plaintiff is entitled to cost of the action and reasonable attorneys fees pursuant to § 216(b) of the FLSA.

## BREACH OF CONTRACT

22. Plaintiff incorporates herein by reference paragraph 1-21 as alleged as if set forth here in full.

23. Plaintiff performed all of the duties and responsibilities and fulfilled the conditions of her Contract.

24. Due to Defendant's breach of contract, Plaintiff was damaged and continues to be damaged in an amount to be proven at trial.

25. Plaintiff is therefore entitled to recover from defendant as damages her full contract wages, overtime compensation and other benefits under her employment contract in an amount to be proven at trial.

## **FRAUD AND DECEIT**

26. Plaintiff incorporates herein by reference paragraph 1-25 as alleged as if set forth here in full.

27. Defendant's promises and statements contained in the Contracts were false and untrue. In truth, the Defendant did not intent to honor his commitments but merely intended to induce Plaintiff to accept the position and work for his company. Defendant misrepresented his true intention with the intent to deceive plaintiff in that it did not intend to honor the terms of the Contract or pay Plaintiff lawful wage.

28. As a result of the said actions and conduct of defendant, Plaintiff was caused and suffered lost pay and benefits. The Plaintiff therefore seeks and is entitled to pecuniary damages, costs and attorney's fees.

29. The foregoing described deceit, failure to communicate, acts and conduct of defendant constitute fraud was done willfully, maliciously, fraudulently, and with reckless disregard for plaintiff's rights.

**WHEREFORE**, Plaintiff prays for Judgment as follows:

1. An award to Plaintiff for appropriate back-pay including but not limited overtime wages, with pre-judgment interest, in amounts to be determined at trial.

2. An award to Plaintiff of compensation for past and future pecuniary losses resulting from unlawful employment practices described above, in amounts to be determined at trial.

3. An award to Plaintiff for punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

4. For reasonable attorneys fees incurred;

5. For costs of suit incurred;

6. For Liquidated Damages;

7. For temporary work authorization during the pendency of this matter;

8. For transfer relief; and

9. For such and further relief as the court may deem proper.

Respectfully submitted this 30th day of May, 2008.

*/s/ Colin M. Thompson*

**COLIN M. THOMPSON**
Thompson Law Office, LLC