```
 1  STEPHEN J. NUTTING, ESQ.
    LAW OFFICE OF STEPHEN J. NUTTING
 2  Post Office Box 5093
    Saipan, MP 96950
 3  Telephone:    (670) 234-6891
    Facsimile:    (670) 234-6893
 4
    Attorney for Defendant Taiwan Trading Co., LTD.
 5
```

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| HOU YAN JUN, | CIVIL ACTION NO. CV-08-0025 |
|---|---|
| Plaintiff, | ANSWER TO COMPLAINT |
| -v- | |
| TAIWAN TRADING CO., LTD., | |
| Defendant. | |

COMES NOW, defendant TAIWAN TRADING CO., LTD, (hereinafter "TTC") by and through its attorney, Stephen J. Nutting, to answer Plaintiff's complaint as follows:

1.  In answer to Paragraph 1 through 5, without admitting the validity of Plaintiff's claims arising under 28 U.S.C. §1331, (federal question jurisdiction); 28 USC § 1337(a), (proceedings arising under an Act of Congress regulating commerce); 28 USC § 1367(a), (supplemental jurisdiction) and 29 U.S.C. § 216(b), TTC admits that plaintiff's complaint sets out allegations in an effort to invoke federal jurisdiction under those same referenced sections.

2. In answer to Paragraph 6, TTC admits that venue is proper in the United States District Court of the Northern Mariana Islands.

3. In answer to Paragraph 7 it is admitted that plaintiff is a citizen of the Peoples Republic of China, and is residing in the CNMI. All other allegations contained in Paragraph 7 are denied.

4. The allegations contained in Paragraph 8 are admitted.

5. The allegations contained in Paragraph 9 are admitted.

6. In answer to Paragraph Number 10 defendant is without sufficient information to either affirm the allegations contained therein and therefore denies same.

7. In answer to Paragraph 11, plaintiff avers no allegations of fact to which defendant may properly respond and on that basis defendant objects and denies any statements made therein.

8. TTC denies each and every allegation contained in Paragraph 12.

9. TTC denies each and every allegation contained in Paragraph 13.

10. TTC denies each and every allegation contained in Paragraph 14.

11. TTC denies each and every allegation contained in Paragraph 15.

12. TTC denies each and every allegation contained in Paragraph 16.

13.   TTC denies each and every allegation contained in Paragraph 17.

14.   TTC denies each and every allegation contained in Paragraph 18.

15.   TTC incorporates and restates its answers to each of the paragraphs referenced in Paragraph 19 as if fully stated herein.

16.   TTC denies each and every allegation contained in Paragraph 20.

17.   TTC denies each and every allegation contained in Paragraph 21.

18.   TTC incorporates and restates its answers to each of the paragraphs referenced in Paragraph 22 as if fully stated herein.

19.   TTC denies each and every allegation contained in Paragraph 23.

20.   TTC denies each and every allegation contained in Paragraph 24.

21.   TTC denies each and every allegation contained in Paragraph 25.

22.   TTC incorporates and restates its answers to each of the paragraphs referenced in Paragraph 26 as if fully stated herein.

23.   TTC denies each and every allegation contained in Paragraph 27.

24.   TTC denies each and every allegation contained in Paragraph 28.

25.   TTC denies each and every allegation contained in Paragraph 29.

# AFFIRMATIVE DEFENSES

26. Plaintiff fails to state a claim for which relief can be granted.

27. The Court lacks subject matter jurisdiction of the FLSA claim as plead in the Complaint.

28. The Court lacks supplemental jurisdiction of the CNMI law claims.

29. The claims in the Complaint may be barred in whole or in part by the applicable statutes of limitation.

30. Plaintiff was not under contract with TTC and was acting as an employee at will.

31. Plaintiff fails to allege a cause of action for fraud and deceit with sufficient particularity so as to support such a claim for relief.

32. Defendant TTC at all material times acted fairly, reasonably, justly and in good faith with respect to the compensation of plaintiff.

33. If plaintiff worked beyond the forty hour work week, she did so without the knowledge and consent of the defendant and against the explicit directives of the defendant/employer.

34. If plaintiff worked beyond the forty hour work week, she represented to the defendant throughout the period of plaintiff's employment that plaintiff's work week was limited

to only forty hours, thereby committing a fraud upon the defendant. Defendant is therefore estopped from asserting claims against the employer for any hours worked in excess of 40 hours per week.

WHEREFORE, defendant TTC prays that plaintiffs take nothing under her complaint and that defendant recover from plaintiff, as appropriate, attorneys fees and costs of this defense, and such other relief as is legal, equitable and appropriate.

DATED this  15th  day of July, 2008

                                                                          /s/
                                                        STEPHEN J. NUTTING
                                                        Attorney for Defendant TTC